IN THE MATTER OF J.M.R., A CHILD



NO.07-03-0423-CV


 07-03-0424-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 19, 2004



______________________________




IN THE MATTER OF J.M.R., A CHILD



_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY,



SITTING AS A JUVENILE COURT; NOS. 3999-J, 4050-J;



HONORABLE JAMES W. ANDERSON, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 In May of 2003, appellant J.M.R., a juvenile, was adjudged as having engaged in
delinquent conduct within the meaning of section 51.03 of the Texas Family Code and, as
a result of a separate adjudication hearing conducted the same day, was placed on
probation subject to certain terms and conditions until his 18th birthday. On June 9, 2003,
the State filed a petition alleging appellant had failed to comply with the conditions of his
probation and to modify the court's prior disposition. This was assigned cause number
3999-J. Under a separate cause number, 4050-J, the State filed a petition for adjudication. 
After hearings at which appellant was represented by appointed counsel, appellant waived
his right to trial and plead true to the allegations in the State's petitions. In cause number
4050-J the trial court found appellant engaged in delinquent conduct. In cause number
3999-J the trial court placed appellant in the custody of the Texas Youth Commission. 

 Appellant gave timely notice of his desire to appeal each order. The appeals were
previously abated and remanded to the trial court for further proceedings.

 Pursuant to the abatement and remand, the trial court held a hearing attended by
appellant, his counsel and his parents. During the hearing, appellant and his counsel
advised the trial court that he no longer desires to appeal. The record reflects that
appellant's mother submitted a letter to the trial court also stating that no appeal was
desired. Tex. Fam. Code § 56.01(f). A reporter's record of the hearing and a
supplemental clerk's record containing the trial court's findings have been filed with the
appellate clerk. 

 The appeals are dismissed. The appeals having been dismissed pursuant to
appellant's request, no motion for rehearing will be entertained and our mandate will issue
forthwith. 


 James T. Campbell

 Justice 


 

 



span style="font-family: 'Arial', sans-serif">V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,635-B; HONORABLE JOHN B. BOARD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
 
          Following a plea of guilty, Appellant, Julian Edward Perales, was granted deferred
adjudication for aggravated assault with a deadly weapon and placed on community
supervision for eight years. While on community supervision, Appellant allegedly violated
the terms and conditions thereof prompting the State to proceed with a motion to
adjudicate guilt. Appellant plead not true. After hearing evidence, the trial court
adjudicated Appellant guilty of the charged offense and assessed punishment at ten years
confinement. The Trial Court’s Certification of Defendant’s Right of Appeal filed in this
Court on April 24, 2009, reflects that Appellant does have the right of appeal. Appellant
timely perfected this appeal from the trial court’s judgment. Having filed a motion for new
trial, the appellate record was due on July 22, 2009.


 Pending before this Court is a
request for an extension of time filed by the Potter County District Clerk in which to file the
clerk’s record. As a ground for the extension, the clerk avers that counsel has not been
appointed to represent Appellant in this appeal. 
          The trial court clerk is responsible for preparing, certifying, and timely filing the
clerk’s record if: (1) a notice of appeal has been filed, and in criminal proceedings, the trial
court has certified the defendant’s right of appeal; and, (2) the party responsible for paying
for the preparation of the clerk’s record has paid the clerk’s fee, has made satisfactory
arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee. 
See Tex. R. App. P. 35.3 (a). While the bill of costs attached to the judgment reflects that
Appellant was represented by court appointed counsel at the trial court level, the affidavit
attached to Appellant’s motion for new trial indicates that Appellant retained his appellate
counsel. From the limited record before us, we are unable to determine whether Appellant
has satisfied the second requirement of Rule 35.3(a). Although the basis of the clerk’s
request for an extension of time does not state an adequate ground for relief,


 we will
interpret the same as requesting an extension based upon the failure of Appellant’s
appellate counsel to make adequate financial arrangements for the payment or waiver of
the clerk’s fee, and we will grant that request in accordance with the following orders.
          Therefore, we abate this appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to
determine the following: 
          1.      whether Appellant desires to prosecute this appeal; and
2.whether Appellant has paid the clerk’s fee, made satisfactory
arrangements for the payment of the clerk’s fee, or is entitled to
appeal without paying the fee.
 
          On or before August 21, 2009, the trial court shall enter an order containing findings
of fact and conclusions of law addressing those issues. In addition, upon the filing of that
order, the trial court shall cause a copy thereof to be mailed to this court. Should the trial
court determine that Appellant does want to continue the appeal, the trial court shall take
such action as is necessary to ensure that the clerk’s record in this cause is filed on or
before August 31, 2009. 
          In the event the clerk’s record is not filed by that date, the trial court is directed to
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the status of the record. On or before September 14, 2009, the trial court shall
enter an order containing findings of fact and conclusions of law addressing that issue. In
addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed
to this Court. 
          It is so ordered.
Per Curiam
 
 
 
Do not publish.